UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SEKOU KOUYATE,

        Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                17-CV-5511 (PKC)

       -against-

FEDERAL BUREAU OF INVESTIGATION;
NATIONAL GOVERNMENT OF REPUBLIC OF
GUINEA; COMMISSIONER OF SOCIAL SECURITY;
COMMISSIONER OF SOCIAL SERVICES;
N.Y.C HUMAN RESOURCES ADMINISTRATION
(Department of Social Services - SNAP); THE MARKET
PLACE INC.; NYPD 110TH PRECINCT; DISTRICT
ATTORNEY OF QUEENS COUNTY, NY; MATTHEW
REGAN; NICHOLA R. AMATO; NEW YORK CITY
FAMILY COURT OF QUEENS; FORESDALE INC.;
THE CHILD CENTER OF NEW YORK; PATRICK
VAN MAANEN; NATIONWIDE MUTUAL
INSURANCE COMPANY; SOCIETE AIR FRANCE,
KONINKLIKE LUCHTVAART MAATSHAPPI &
N.V./DELTA AIRLINES, INC.; ROYAL AIR MAROC;
J.P. MORGAN & CO.; CAPITAL ONE FINANCIAL
CORPORATION; ALMA BANK; MT. SINAI
EL HURST FACILITY PRACTICE; NEW YORK
CITY TAXI & LIMOUSINE COMMISSION;
CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC.; T-MOBILE NORTHEAST LLC;
CHARTER COMMUNICATIONS, INC.;
SACKSTEIN, SACKSTEIN & LEE, LLP;
MALLILO AND GROSSMAN, ESQS; SUBIN
ASSOCIATES, LLP.; IMC MANAGEMENT INC.;
QUEENS BOULEVARD ENDOSCOPY CENTER LLC;
VISITING NURSE SERVICE OF NEW YORK;
DOUROS MANAGEMENT, INC.; HEALTH
PLUS MANAGEMENT; NATIONAL ACTION
NETWORK; THE CENTER FOR FAMILY
REPRESENTATION; CANADA LEASING LLC;
NBC UNIVERSAL MEDIA, LLC;
WESTERN QUEENS CONSULTATION CENTER;
BILL de BLASIO,
                        Defendants.
------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Sekou Kouyate filed a *pro se* Complaint on September 26, 2017, against thirty-nine defendants. Plaintiff has paid the filing fee to bring this action. For the reasons discussed below, the Complaint is dismissed.

**DISCUSSION**

Plaintiff's 241-page Complaint seeks damages of $950 billion against thirty-nine defendants for a litany of offenses, including "stealing the destiny" of an American citizen, kidnapping, attempted murder, and fraud. (Complaint ("Compl."), Dkt. 1, at 17-18).[1] Although the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted), a complaint must still contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

The district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous or the court lacks jurisdiction over the matter, even when the Plaintiff has

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

paid the required filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). A finding of factual frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Samuel v. Bloomberg*, No. 13 Civ. 6027, 2013 WL 5887545, at * 1 (E.D.N.Y. Oct. 31, 2013). Plaintiff's Complaint does not present any credible or rational actionable claim against any of the thirty-nine named defendants. For example, Plaintiff states that, "an FBI agent attempted to kill [me] more than 3 times" including by trying to "[shoot] down the plane 3 times in my trips so [as to] get me kill[ed]." (Compl. at 20, 241.) Plaintiff also claims that [the] FBI has [illegally] invaded my privacy by using charter communication my cable company to [illegally] spy on me in my house, in my room for very long time . . . [illegally] increase of my phone bills." (*Id.* at 29.) The allegations in Plaintiff's Complaint, even under the liberal reading accorded to *pro se* pleadings, are "wholly incredible." Since the Complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action is dismissed. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

For the reasons stated above, the action is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 362. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and terminate this case accordingly.

SO ORDERED.


　　　　/s/*Pamela K. Chen*　　　　
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
　　　 October 23, 2017